# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**COLLEEN MARIE MISHICH,**

    Plaintiff,

  v.                                     Case No. 21-CV-1014

**UNITED STATES OF AMERICA,**

    Defendant.

## DECISION AND ORDER ON PLAINTIFF'S MOTION TO AMEND AND SCREENING COMPLAINT

Colleen Marie Mishich filed a *pro se* complaint against Kathleen Mary Patterson, a neuropsychologist at the Clement J. Zablocki VA Medical Center, alleging that Patterson inaccurately diagnosed Mishich with schizotypal personality disorder. (Docket # 1.)[1] Mishich now requests leave to amend her complaint to add more information about her claim. (Docket # 23.) I will grant Mishich's motion to amend her complaint under Federal Rule of Civil Procedure 15(a)(2). After screening the complaint, I find that Mishich's amended complaint fails to state a claim on which relief may be granted. I will, however, grant Mishich leave to file a second amended complaint addressing the deficiencies discussed below.

## BACKGROUND

Mishich filed her original complaint on August 30, 2021, alleging that on December 14, 2020, she met with Dr. Patterson for neuropsychological testing. (Docket # 1 at 2.) Mishich alleges that during their conversation, Dr. Patterson noted that Mishich's medical

---
[1] The United States of America was later substituted as the defendant in this action in place of Patterson. (Docket # 24.)

records contained a letter from a medical provider stating that Mishich had schizotypal personality disorder. (*Id.*) Mishich also alleges that Dr. Patterson performed neurological testing and wrote a report based on her findings, which included a statement that Mishich had a past diagnosis of schizotypal personality disorder and Dr. Patterson's own diagnosis of the same. (*Id.* at 2–3.) Mishich alleges that she has not been diagnosed with schizotypal personality disorder in the past or been told that she has the disorder; that no letter exists stating that she has the disorder; and that there is no diagnosis to that effect in her medical records. (*Id.* at 3.) Mishich further alleges that Dr. Patterson's report is a permanent part of her medical records and is open to scrutiny by Veterans Affairs staff and outside agencies. (*Id.*) She requests that Dr. Patterson's report and the diagnosis of schizotypal personality disorder be removed from her medical records and that she be awarded monetary damages in the amount of $100,000 for physical, mental, and emotional pain and suffering. (*Id.* at 4.) Attached to Mishich's complaint is a letter from the United States Department of Veterans Affairs denying her administrative tort claim filed under the Federal Tort Claims Act ("FTCA"). (Docket # 1-1.)

On March 21, 2022, the government filed a motion to dismiss Mishich's demand for non-monetary relief. (Docket # 15.) The government argued that the only relief for a violation of the FTCA is monetary damages, and Mishich failed to identify any other basis for her request for non-monetary relief in her complaint. (Docket # 16 at 5.) On April 1, 2022, Mishich filed a motion to amend her complaint. (Docket # 23.)

At an April 7, 2022 status conference, I granted the government's motion to dismiss the request for non-monetary relief. (Docket # 24.) I denied Mishich's motion to amend her complaint, as she did not file a proposed amended complaint along with her motion. (*Id.*)

However, I gave her leave until April 21, 2022 to file another motion to amend along with the proposed amended complaint. (*Id.*) Mishich filed a second motion to amend her complaint, along with a proposed amended complaint, on April 20, 2022. (Docket # 25.)

## ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) provides that after a responsive pleading has been filed, a party may amend his or her pleading only by leave of court or by written consent of the adverse party. Rule 15(a)(2) states that the court "should freely give leave when justice so requires." However, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002).

Mishich requests leave to amend her complaint to add relevant information to her case. (Docket # 25.) The proposed amended complaint names Kathleen Patterson as the defendant. (Docket # 25-1.) In the proposed amended complaint, Mishich alleges that Dr. Patterson's report is based on "pencil and paper tests" and "people with similar profiles." (*Id.* at 2.) Mishich also alleges that Dr. Patterson's diagnostic impression of schizotypal personality disorder does not meet the criteria in the Diagnostic Statistical Manual of Mental Disorders. (*Id.* at 3.) Additionally, Mishich alleges that Dr. Patterson's review of her chart was not thorough and that her treatment plan was not comprehensive. (*Id.*)

According to Mishich, Dr. Patterson copied the schizotypal personality disorder diagnosis into her medical record prior to having it formalized by Mishich's psychiatric provider. (*Id.* at 4.) Mishich alleges that Dr. Patterson's report is damaging to her character and personality. (*Id.*) She further alleges that on April 5, 2022, her current psychiatrist noted

3

in her medical records that, in the provider's medical opinion, Mishich did not have schizotypal personality disorder. (*Id.*)

Again, Rule 15(a)(2) states that the court "should freely give leave" to amend a pleading "when justice so requires." Accordingly, I will grant Mishich's motion to amend her complaint. However, because the government has certified that Dr. Patterson was acting in the scope of her employment during the time of the negligence that Mishich alleges (Docket # 13), the government will remain the named defendant in this action. *See* 28 U.S.C. § 2679(d)(1).

I next turn to the screening of Mishich's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "[D]istrict courts are permitted to screen every complaint, regardless of a plaintiff's fee status." *Griffin v. Milwaukee Cnty.*, 369 F. App'x 741, 743 (7th Cir. 2010). The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Even construing Mishich's complaint liberally, as I must, the complaint fails to state a claim on which relief may be granted. The FTCA provides a cause of action for a tort committed by a federal government employee acting within the scope of his employment. 28

4

U.S.C. § 1346(b)(1). Claims brought under the FTCA are governed by "the law of the place where the act or omission occurred." *Id.* "A claim for medical malpractice, as all claims for negligence, requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages." *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865. Furthermore, under Wisconsin law, "a tort becomes 'complete' when the plaintiff is injured, and the plaintiff in a negligent misdiagnosis case becomes injured when he or she first experiences greater harm as a result of the misdiagnosis than existed at the time of the misdiagnosis." *Paynter v. ProAssurance Wisconsin Ins. Co.*, 2019 WI 65, ¶ 73, 387 Wis. 2d 278, 304, 929 N.W.2d 113, 126.

Here, Mishich alleges that Dr. Patterson misdiagnosed her with schizotypal personality disorder. To the extent that Mishich seeks to bring a medical malpractice claim based on the alleged misdiagnosis, however, her complaint contains no factual allegations regarding what "greater harm" resulted from the alleged misdiagnosis. As such, the complaint as it currently stands fails to state a claim for medical malpractice under Wisconsin law. Mishich also alleges that Dr. Patterson's report is "damaging to [her] character and personality." (Docket # 25-1 at 4.) But to the extent that she seeks to assert a defamation claim based on the report or alleged misdiagnosis of schizotypal personality disorder, the FCTA specifically excludes claims for defamation. 28 U.S.C. § 2680(h). Finally, Mishich asserts that she suffered mental and emotional suffering (Docket # 25-1) but does not bring a cause of action for emotional distress.

The Seventh Circuit instructs that when a plaintiff's complaint is dismissed for failure to state a claim, the general rule is to give at least one opportunity to amend the complaint before the entire action is dismissed. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago &*

5

*Nw. Indiana,* 786 F.3d 510, 519 (7th Cir. 2015). The court has stated that unless "it is *certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion to dismiss." *Id.* (emphasis in original).

Because it is not certain from the face of the amended complaint that further amendment would be futile, I will grant Mishich leave to amend her amended complaint in accordance with this decision. Mishich shall have 14 days from the date of this order to file a second amended complaint. The second amended complaint must bear the docket number assigned to this case and must be labeled "Second Amended Complaint." Mishich is advised that the second amended complaint replaces the prior amended complaint and must be complete in itself without reference to the prior amended complaint. Accordingly, matters not set forth in the second amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Should Mishich fail to file a second amended complaint within 14 days, I will dismiss this action with prejudice.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Mishich's Motion to Amend Complaint (Docket # 25) is **GRANTED**.

**IT IS FURTHER ORDERED** that within (14) days of this order, Mishich shall file a second amended complaint wherein she provides additional information in accordance with the instructions set forth above. If Mishich fails to timely submit her second amended complaint, I will dismiss this action with prejudice.

Dated at Milwaukee, Wisconsin this 29th day of July, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge