# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**COLLEEN MARIE MISHICH,**

    Plaintiff,

    v.                                          Case No. 21-CV-1014

**THE UNITED STATES OF AMERICA,**

    Defendant.

## DISMISSAL ORDER FOR FAILURE TO PROSECUTE

    Colleen Marie Mishich filed a *pro se* complaint against the defendant on August 30, 2021. (Docket # 1.) On July 29, 2022, I found that Mishich's complaint failed to state a claim and allowed Mishich fourteen (14) days to submit an amended complaint. (Docket # 28.) On August 9, 2022, I entered an order that granted Mishich's motion for extension of time to file and gave Mishich until August 23, 2022 to file a second amended complaint. (Docket #30.) As of the date of this order, Mishich has still not submitted an amended complaint.

    Pursuant to Fed. R. Civ. P. 41(b) and Civ. L.R. 41(c) (E.D. Wis.), a court may dismiss an action where the plaintiff fails to diligently prosecute their case. "Dismissal with prejudice is appropriate when there is a clear record of delay or contumacious behavior." *Zaddack v. A.B. Dick Co.*, 773 F.2d 147, 150 (7th Cir. 1985). A court should view the "case 'with regard to its own particular procedural history and the situation at the time of dismissal,'" assessing whether "a reasonable person could concur with the trial court's determination that 'plaintiff has treated this matter cavalierly' and had 'no serious desire to prosecute this action.'" *Id.* (internal citations omitted).

Mishich did not submit an amended complaint in accordance with the court's August 9 order. Because it does not appear that Mishich intends to prosecute this action, dismissal is appropriate.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that this case be **DISMISSED WITH PREJUDICE** for failure to prosecute. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 16th day of September, 2022.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge