UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

COLLEEN MARIE MISHICH,

    Plaintiff,

    v.                                                Case No. 21-CV-1014

UNITED STATES OF AMERICA,

    Defendants.

## DECISION AND ORDER ON PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT AND SCREENING AMENDED COMPLAINT

On August 30, 2021, Colleen Marie Mishich filed a *pro se* complaint against Dr. Kathleen Mary Patterson, a neuropsychologist with the Department of Veterans Affairs, alleging negligence under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b) and 2671–2680. (Docket #1.) On July 29, 2022, I granted Mishich's motion to amend her complaint (Docket # 25) and gave her fourteen days to file a second amended complaint (Docket # 28). Mishich moved for an extension to file her second amended complaint on August 8, 2022 (Docket #30), which I granted in a text order on August 9, 2022 and gave her a deadline of August 23, 2022. When the court did not receive Mishich's second amended complaint by the August 23, 2022 deadline, I issued an order dismissing the case for failure to prosecute. (Docket # 31.) A final judgment closing the case was entered on September 16, 2022. (Docket # 32.) On September 30, 2022, the court received Mishich's second amended complaint. (Docket # 33.)

Given that the case has already been dismissed, I construe Mishich's second amended complaint as a motion for relief from judgment under Federal Rule of Civil Procedure 60(b).

For the reasons further explained below, I will grant Mishich's motion for relief from judgment and allow her leave to file her second amended complaint. Further, after screening her second amended complaint, I find that Mishich's second amended complaint does state a claim on which relief may be granted and, therefore, order the defendant to respond.

## ANALYSIS

A party may be entitled to relief from the entry of final judgment if the party can show "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). Here, Mishich states that she signed her second amended complaint on August 20, 2022 and that she made a copy of it at FEDEX and put it in the court's outside drop box on August 21, 2022. (Docket #33-1 at 1.) To support her statement, Mishich presents a bank statement showing a withdrawal from FEDEX dated August 21, 2022. (*Id.* at 2.) Mishich, who is *pro se*, only learned that the court had not received her second amended complaint when she received the dismissal order for failure to prosecute in the mail on September 27, 2022. (Docket #33-1 at 1.) It seems that but for mistake, Mishich's second amended complaint would have been filed by the August 23, 2022 deadline. As such, I will grant Mishich's motion for relief from judgment and allow her leave to file her second amended complaint.

I next turn to the screening of Mishich's second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). "[D]istrict courts are permitted to screen every complaint, regardless of a plaintiff's fee status." *Griffin v. Milwaukee Cnty.*, 369 F. App'x 741, 743 (7th Cir. 2010). The standards for reviewing dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) are the same as those for reviewing a dismissal under Federal Rule of Civil Procedure 12(b)(6). *See DeWalt v. Carter*, 224 F.3d 607, 611–12 (7th Cir. 2000). In evaluating whether a plaintiff's complaint fails to state a claim, a court must take the plaintiff's factual

2

allegations as true and draw all reasonable inferences in her favor. *Id.* at 612. Although a complaint need not contain "'detailed factual allegations,'" a complaint that offers "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

I find that Mishich's second amended complaint does state a claim on which relief can be granted. The FTCA provides a cause of action for a tort committed by a federal government employee acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). Claims brought under the FTCA are governed by "the law of the place where the act or omission occurred." *Id.* It appears that Mishich is making a claim for medical malpractice. Under Wisconsin law, a claim for medical malpractice, as all claims for negligence, requires the following four elements: (1) a breach of (2) a duty owed (3) that results in (4) an injury or injuries, or damages. *Paul v. Skemp*, 2001 WI 42, ¶ 17, 242 Wis. 2d 507, 520, 625 N.W.2d 860, 865. Furthermore, under Wisconsin law, "a tort becomes 'complete' when the plaintiff is injured, and the plaintiff in a negligent misdiagnosis case becomes injured when he or she first experiences greater harm as a result of the misdiagnosis than existed at the time of the misdiagnosis." *Paynter v. ProAssurance Wisconsin Ins. Co.*, 2019 WI 65, ¶ 73, 387 Wis. 2d 278, 304, 929 N.W.2d 113, 126.

In her second amended complaint, Mishich contends that Dr. Patterson diagnosed her with Schizotypal Personality Disorder ("STPD") in a report following neuropsychological testing conducted on December 14, 2020. (Second Am. Compl., Docket # 33 at 3.) Mishich contends that Dr. Patterson neglected to inform her that the STPD diagnosis was provisional and could only be formalized by her mental health provider. (*Id.*) As a result, Mishich "was

3

Case 2:21-cv-01014-NJ   Filed 10/06/22   Page 3 of 5   Document 35

ashamed of the diagnosis, became agitated and anxious and had problems sleeping." (*Id.*) Further, Mishich "felt betrayed by Dr. Patterson, became fearful and distrustful of the mental health department, and avoided going to the [Department of Veterans Affairs Medical Center]," canceling thirty-eight appointments since Dr. Patterson's STPD diagnosis. (*Id.*) Mishich further contends that the "lack of continuity" in her mental health treatment following the STPD diagnosis "worsened [her] PTSD." (*Id.*) Mishich sought inpatient treatment due to her feelings of anxiety, isolation, and suicidal ideation following the STPD diagnosis; but after treatment, Mishich contends that she continues to deal with mental health challenges including anxiety, issues with sleep and concentration, feeling overwhelmed, and periods of depression. (*Id.*) Mishich seeks monetary damages of $100,000 for her "mental, emotional, and physical pain and suffering" and her "future medical and mental healthcare costs." (*Id.* at 4.)

Construing Mishich's second amended complaint liberally, she does state a claim on which relief can be granted. Mishich has alleged that Dr. Patterson misdiagnosed her with STPD and that she experienced "greater harm as a result of the misdiagnosis than existed at the time of the misdiagnosis." *Paynter*, 2019 WI 65, ¶ 73, 387 Wis. 2d at 304, 929 N.W.2d at 126. As such, I will allow Mishich to proceed with her claim.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that Mishich's motion for relief from judgment is **GRANTED**.

**IT IS FURTHER ORDERED** that Mishich's motion for leave to file her second amended complaint is **GRANTED**. Mishich's second amended complaint (Docket # 33) will serve as the operative complaint in this case.

4

**IT IS ALSO ORDERED** that the defendant shall file a responsive pleading to the second amended complaint.

Dated at Milwaukee, Wisconsin, this 6th day of October, 2022.

**BY THE COURT:**

_____
NANCY JOSEPH
United States Magistrate Judge