UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**COLLEEN MARIE MISHICH,**

  Plaintiff,

  v.                                      Case No. 21-CV-1014

**UNITED STATES OF AMERICA,**

  Defendant.

### DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Colleen Marie Mishich, who is representing herself, sues the United States for the alleged actions of Dr. Kathleen Mary Patterson, a neuropsychologist at the Clement J. Zablocki VA Medical Center. (Docket # 33.) The United States now moves to dismiss Mishich's second amended complaint, asserting that it fails to state a plausible claim for medical malpractice under the Federal Tort Claims Act ("FTCA"). (Docket # 38.) Mishich moves for leave to file a third amended complaint. (Docket # 43.) For the reasons articulated below, the United States' motion to dismiss is granted and Mishich's second amended complaint is dismissed. Furthermore, Mishich's motion for leave to file a third amended complaint is denied.

### BACKGROUND

On August 30, 2021, Colleen Marie Mishich filed a *pro se* complaint against Dr. Kathleen Mary Patterson, alleging negligence under the FTCA, 28 U.S.C. §§ 1346(b) and 2671–2680. (Docket #1.) The United States moved to dismiss Mishich's demand for non-

monetary relief (Docket # 15), which was granted on April 7, 2022 (Docket # 24). Mishich was given until April 21, 2022 to file a motion to amend her complaint and include a proposed amended complaint. (*Id.*) Mishich did so, and on July 29, 2022, I granted Mishich's motion to amend her complaint (Docket # 25) and gave her fourteen days to file a second amended complaint (Docket # 28). Mishich moved for an extension to file her second amended complaint on August 8, 2022 (Docket #30), which I granted in a text order on August 9, 2022 and gave her a deadline of August 23, 2022. When the Court did not receive Mishich's second amended complaint by the August 23, 2022 deadline, I issued an order dismissing the case for failure to prosecute. (Docket # 31.) A final judgment closing the case was entered on September 16, 2022. (Docket # 32.)

On September 30, 2022, the Court received Mishich's second amended complaint. (Docket # 33.) Given that the case had already been dismissed, I construed Mishich's second amended complaint as a motion for relief from judgment under Fed. R. Civ. P. 60(b). In an October 6, 2022 Order, I granted Mishich's motion for relief from judgment and allowed her leave to file her second amended complaint. (Docket # 25.) I also found that Mishich's second amended complaint did state a claim on which relief could be granted and ordered the government to respond. (*Id.*) Now, the government moves to dismiss Mishich's second amended complaint (Docket # 37), and Mishich moves for leave to file a third amended complaint (Docket # 43).

**ANALYSIS**

1.   *Motion to Dismiss*

The government asserts that Mishich's second amended complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a plausible claim for medical

2

Case 2:21-cv-01014-NJ   Filed 02/28/23   Page 2 of 7   Document 45

monetary relief (Docket # 15), which was granted on April 7, 2022 (Docket # 24). Mishich was given until April 21, 2022 to file a motion to amend her complaint and include a proposed amended complaint. (*Id.*) Mishich did so, and on July 29, 2022, I granted Mishich's motion to amend her complaint (Docket # 25) and gave her fourteen days to file a second amended complaint (Docket # 28). Mishich moved for an extension to file her second amended complaint on August 8, 2022 (Docket #30), which I granted in a text order on August 9, 2022 and gave her a deadline of August 23, 2022. When the Court did not receive Mishich's second amended complaint by the August 23, 2022 deadline, I issued an order dismissing the case for failure to prosecute. (Docket # 31.) A final judgment closing the case was entered on September 16, 2022. (Docket # 32.)

On September 30, 2022, the Court received Mishich's second amended complaint. (Docket # 33.) Given that the case had already been dismissed, I construed Mishich's second amended complaint as a motion for relief from judgment under Fed. R. Civ. P. 60(b). In an October 6, 2022 Order, I granted Mishich's motion for relief from judgment and allowed her leave to file her second amended complaint. (Docket # 25.) I also found that Mishich's second amended complaint did state a claim on which relief could be granted and ordered the government to respond. (*Id.*) Now, the government moves to dismiss Mishich's second amended complaint (Docket # 37), and Mishich moves for leave to file a third amended complaint (Docket # 43).

**ANALYSIS**

1.   *Motion to Dismiss*

The government asserts that Mishich's second amended complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because it fails to state a plausible claim for medical

malpractice under the FTCA. (Docket # 38 at 5.) A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 556 U.S. 662, 678 (2009). Although this "standard is not akin to a 'probability requirement,'" *id.* at 678, the allegations in the complaint "must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555 (internal citation omitted).

When determining the sufficiency of a complaint, the court should engage in a two-part analysis. *See McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011). First, the court must "accept the well-pleaded facts in the complaint as true," while also separating out "legal conclusions and conclusory allegations merely reciting the elements of the claim." *Id.* (citing *Iqbal*, 556 U.S. at 680). Next, "[a]fter excising the allegations not entitled to the presumption [of truth], [the court must] determine whether the remaining factual allegations 'plausibly suggest an entitlement to relief.'" *Id.* (citing *Iqbal*, 556 U.S. at 681). As explained in *Iqbal*, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 556 U.S. at 679.

It appears that Mishich is pursuing a claim of medical malpractice for a negligent misdiagnosis. The FTCA provides a cause of action for a tort committed by a federal

3

Case 2:21-cv-01014-NJ    Filed 02/28/23    Page 3 of 7    Document 45

government employee acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). Claims brought under the FTCA are governed by "the law of the place where the act or omission occurred." *Id.* "The elements of a medical malpractice claim in Wisconsin are that the care provider failed to use the required degree of skill, that plaintiff was harmed and that there is a causal connection between the provider's failure and the harm plaintiff suffered." *Brown v. United States*, No. 99-C-0400-C, 2000 U.S. Dist. LEXIS 22583, at *6 (W.D. Wis. Aug. 18, 2000) (citing Wis J-I Civil 1023). "The question is not whether the physician made a mistake in diagnosis, but rather whether he failed to conform to the accepted standard of care." *Id.* (quoting *Christianson v. Downs*, 90 Wis. 2d 332, 338, 279 N.W.2d 918, 921 (1979)). In a negligent misdiagnosis case, the plaintiff "becomes injured when he or she first experiences greater harm as a result of the misdiagnosis than existed at the time of the misdiagnosis." *Paynter v. ProAssurance Wisconsin Ins. Co.*, 2019 WI 65, ¶ 73, 387 Wis. 2d 278, 304, 929 N.W.2d 113, 126.

In her second amended complaint, Mishich alleges that she was diagnosed with schizotypal personality disorder ("STPD") following neuropsychological testing with Dr. Patterson and that Dr. Patterson neglected to inform her that the STPD diagnosis was provisional and could only be formalized by her mental health provider. (Docket # 33 at 3.) Mishich alleges that she "was ashamed of the diagnosis, became agitated and anxious, and had problems sleeping." (*Id.*) Mishich alleges that she "felt betrayed by Dr. Patterson, became fearful and distrustful of the mental health department, and avoided going to the [VA medical center]," resulting in her "cancel[ing] 38 appointments since the day Dr. Patterson wrote her report." (*Id.*) Mishich alleges that "[t]he lack of continuity of medical and mental health care

worsened [her] PTSD" and that she has dealt with thoughts of suicide, alcohol relapses, and periods of depression and extreme isolation since the STPD diagnosis. (*Id.*)

Mishich fails to allege sufficient facts to assert a claim of negligent medical misdiagnosis. Mishich's second amended complaint only alleges that Dr. Patterson failed to inform her that the diagnosis was provisional and that it needed to be formalized by her mental health provider. While Mishich alleges that learning of the diagnosis caused her mental distress, she does not allege that Dr. Patterson's diagnosis of STPD was incorrect or that she relied on a flawed methodology to arrive at the STPD diagnosis. Additionally, as the government notes, the second amended complaint is unclear whether Dr. Patterson was the doctor who diagnosed Mishich or merely the doctor who informed her of the diagnosis. Even if it can be inferred from the allegation that Mishich met with Dr. Patterson for neuropsychological testing that Dr. Patterson diagnosed Mishich with STPD, the complaint makes no allegation as to why such diagnosis is negligent or inconsistent with the standard of care. This is not enough to demonstrate that Dr. Patterson breached her duty of care. As such, the second amended complaint fails to state a claim for medical malpractice under Wisconsin law.

   2. *Motion for Leave to File Third Amended Complaint*

In response to the government's motion to dismiss, Mishich requests leave to again amend her complaint. (Docket # 25.) Fed. R. Civ. P. 15(a)(2) provides that after a responsive pleading has been filed, a party may amend his or her pleading only by leave of court or by written consent of the adverse party. Rule 15(a)(2) further provides that the court "should freely give leave when justice so requires." However, "courts in their sound discretion may deny a proposed amendment if the moving party has unduly delayed in filing the motion, if

the opposing party would suffer undue prejudice, or if the pleading is futile." *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 849 (7th Cir. 2002). An amendment is futile "when it fails to state a valid theory of liability or could not withstand a motion to dismiss." *Bower v. Jones*, 978 F.2d 1004, 1008 (7th Cir. 1992).

It appears that Mishich intends to supplement her second amended complaint with additional facts in her third amended complaint. This is improper, however, because a newly amended complaint must be complete in itself without reference to the prior amended complaint, and matters not set forth in the newly amended complaint are, in effect, withdrawn. *Duda v. Board of Educ. Of Franklin Park Public School Dist. No. 84*, 133 F.3d 1054, 1057 (7th Cir. 1998). Mishich's proposed third amended complaint adds the factual allegation that on February 8, 2021, Mishich specified in her Basis of Claim to VA employee, Shanon Cousland, that she messaged Dr. Patterson regarding her mental distress following her STPD diagnosis and that Dr. Patterson apologized and stated that she did not intend to upset Mishich. (Docket # 43 at 3.) These facts, on their own, do not state a claim on which relief may be granted. And even if I were to consider the combined facts from both the second and third amended complaints, Mishich would still not have a viable medical malpractice claim under the FTCA. As such, I find that further amendment would be futile and deny Mishich leave to amend. Additionally, because Mishich has already made two attempts at alleging a cause of action and failed to do so, I will dismiss the case with prejudice.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to dismiss (Docket # 18) is **GRANTED**. The plaintiff's second amended complaint is dismissed with prejudice.

**IT IS FURTHER ORDERED** that this case is dismissed. The Clerk of Court is to enter judgment accordingly.

**FINALLY, IT IS ORDERED** that the plaintiff's motion for leave to file a third amended complaint (Docket # 43) is **DENIED**.

Dated at Milwaukee, Wisconsin this 28th day of February, 2023.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge